IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEOFFREY FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:19cv492-WKW-WC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Geoffrey Foster ("Foster"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 11, 2019.[1] Doc. No. 1. Foster challenges the validity of his conviction and sentence for possession of a firearm by a convicted felon, entered in 2008 by the United States District Court for the Northern District of Alabama.[2] He argues that the court for the Northern District of Alabama lacked jurisdiction over his criminal case because Article III provided

---

[1] Foster's petition was date-stamped received by this court on July 12, 2019. Foster represents that he submitted the petition on July 11, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on July 11, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] A review of the dockets from Foster's cases in the United States District Court for the Northern District of Alabama indicates that in February 2008 Foster pled guilty to possession of a firearm by a convicted felon. *United States v. Foster*, 7:07cr467-RDP-TMP (N.D. Ala). In June 2008, the district court sentenced Foster as an armed career criminal to 180 months in prison. Foster's direct appeal was dismissed by the court of appeals as untimely filed. In March 2010, Foster filed a 28 U.S.C. § 2255 motion in the district court. *Foster v. United States*, 7:10cv8013-RDP-TMP (N.D. Ala.). The district court denied the § 2255 motion as untimely filed and dismissed with prejudice in August 2011. Foster appealed, and the Eleventh Circuit denied a certificate of appealability in June 2012.

the court with no authority to try his case. Doc. No. 1 at 3–4.  He further argues that his indictment was void because it was "presented to a grand jury without a formal complaint having been filed with the [trial] court." Doc. No. 1 at 3.  Finally, Foster argues that "the prosecution failed to allege (or prove) any evidence of 'injury in fact' to the United States by way of federally prohibited conduct(s)." Doc. No. 1 at 3–4.  Thus, he asserts that the judgment under which he is incarcerated "is, in fact and law, VOID." Doc. No. 1 at 3.  For the reasons that follow, the undersigned concludes this case should be dismissed for lack of jurisdiction.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding involves execution rather than imposition of sentence and, thus,

is a matter for habeas corpus).  For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Foster's self-described habeas petition challenges the validity of his federal conviction and sentence.  Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Foster's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses.  When a federal prisoner brings "a traditional claim

3

attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090.  Thus, regardless of the label Foster has placed on his pleadings, his petition challenging his conviction and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

Section 2255 remains Foster's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the United States District Court for the Northern District of Alabama, jurisdiction to consider a § 2255 motion would lie only with that court. *See* 28 U.S.C. § 2255(a).  This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the court for the Northern District of Alabama.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which

---

[3] In orders entered on July 18, 2019, and July 31, 2019 (Doc. Nos. 2 & 3), this court informed Foster that the claims in his self-styled § 2241 habeas petition were properly presented in a 28 U.S.C. § 2255 motion, in the court of conviction. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court notified Foster of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Foster that, if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Foster failed to file a response complying with the Castro Order's directives but instead filed an objection continuing to insist he was entitled to pursue this action in this court under § 2241. *See* Doc. No. 3.

the action could have been brought when it was filed.  However, a § 1631 transfer to the Northern District of Alabama would be futile in this case because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals *"[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h).  The Eleventh Circuit has observed that this language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court'").  In March 2010, Foster filed a § 2255 motion in the court for the Northern District of Alabama (the court of conviction) challenging the same conviction and sentence he challenges in the instant proceeding.  That court denied Foster's § 2255 motion as untimely filed and dismissed with prejudice.  Foster presents no evidence that, before filing the instant action in this court, he obtained permission from the Eleventh Circuit to file a successive § 2255 motion attacking his conviction and sentence.

      This court lacks jurisdiction to consider Foster's successive § 2255 motion, and a transfer to the court of conviction, the Northern District of Alabama, would be futile where Foster has not obtained permission to file a successive § 2255 motion. Under the circumstances, this court finds that the interest of justice does not warrant a § 1631 transfer to the United States District Court for the Northern District of Alabama and that dismissal of this action is proper.

### III. CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Foster's petition, construed as a § 2255 motion, be DISMISSED because this court is without jurisdiction to consider his challenge to his conviction entered by the United States District Court for the Northern District of Alabama and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **September 12, 2019**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not

challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of August, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE